IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA HAWTHORNE | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.:1:06-cv-00588-ESH |
| | : |
| NORMAN MINETA | : |
| | : |
| Defendant. | : |

**REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the rules of this Court, counsel in the above-styled matter submit this report regarding the issues discussed at their LCvR 16.3 Conference. A proposed Scheduling Order incorporating the parties' report is attached.

**I.   STATEMENT OF THE CASE**

Plaintiff's Position:

Plaintiff is employed by Defendant, Norman Mineta, in his official capacity as Secretary of the U.S. Department of Transportation. Plaintiff alleges that she suffered an unlawful, discriminatory, adverse failure to promote to the position of accountant (GS-13), re-assignment and change in job title, despite the fact that Plaintiff is well qualified for such a promotion. Plaintiff also alleges that Defendant failed to provide a legitimate non-discriminatory reason as to why Plaintiff was not promoted, and Defendant failed to follow federal government personnel policies while conducting the activities described above.

Defendant's Position:

Plaintiff's claims before this Court apparently concern allegations that she was discriminated against based on her race when she was allegedly denied a promotion and when she was reassigned on December 26, 2004 while employed with the Department of Transportation's ("DOT") Federal Highway Administration ("FHWA"). Defendant submits that Plaintiff has no claim under Title VII (42 U.S.C. § 2000e, et seq.).

Plaintiff's only administrative complaint of discrimination involves an allegation of disparate treatment arising from her reassignment from an Accountant position to a Financial Specialist position effective December 26, 2004. Plaintiff's reassignment, which resulted in a change in position title, was based on legitimate nondiscriminatory reasons. Moreover, Plaintiff has now apparently asserted nonpromotion claims based on alleged actions against her that were not timely presented to an Equal Employment Opportunity ("EEO") counselor and timely presented to the DOT Office of Civil Rights. Thus, Plaintiff has failed timely to exhaust administrative remedies as to her nonpromotion claims.

Defendant has not yet moved to dismiss Plaintiff's complaint on the above-stated grounds, because, while as currently structured, Plaintiff's complaint does not specifically include the same disparate treatment claim investigated at the administrative level, Plaintiff has included factual allegations regarding this claim. Defendant will, however, move to dismiss the nonpromotion claims if Plaintiff does not amend her complaint to set forth the disparate treatment claim complained of at the administrative level and to withdraw the nonpromotion claims not properly before this Court.

## II.     RULE 16.3 REPORT

1. <u>Status of Dispositive Motions</u>: Plaintiff does not believe that this action may be resolved by dispositive motion following discovery. Defendant submits that all or part of this case may be resolved by dispositive motion. If Plaintiff does not amend her complaint as indicated above within thirty days of the initial scheduling conference in this case, Defendant proposes to file a motion to dismiss within thirty days thereafter. Defendant proposes that discovery should be stayed pending Plaintiff's amendment of her complaint or resolution of the dispositive or partially dispositive motion.

2. <u>Amended Pleadings</u>: The Plaintiff does not at this time anticipate that it will be necessary to join third parties or amend the pleadings. Defendant submits that any amendment should be accomplished within 30 days of the entry of a scheduling order.

3. <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of a magistrate judge for trial.

4. <u>Settlement Possibility</u>: The Plaintiff believes that mediation may prove fruitful in this matter. Defendant is unable to commit to settlement at this time, but does not foreclose the possibility of settlement at a later time.

5. <u>Alternative Dispute Procedures</u>: The Plaintiff believes that alternative dispute resolution in the form of mediation may prove fruitful in this matter. Although Defendant is unable to commit to settlement at this time, he does not foreclose the possibility of settlement at a later time.

6. <u>Dispositive Motions</u>: The parties believe that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the motion, and that any reply should be filed within

30 days of the filing of the opposition. As noted above, however, Defendant believes that a partially dispositive motion may help to narrow the issues before discovery is conducted, if Plaintiff does not amend the Complaint to narrow the issues to those timely exhausted.

7. <u>Initial Disclosures</u>: The parties agree that they should provide initial disclosures as required by Fed. R. Civ. P. 26(a)(1). The parties, however, propose a date for exchanging those disclosures of twenty days after entry of a scheduling order in the case, or, in the event that ADR is ultimately pursued, ten days after the completion of any Alternative Dispute Resolution procedures that may be directed by the Court.

8. <u>Discovery</u>. The parties request 180 days to complete discovery. The parties believe the parties should limit the number of interrogatories to 25 per side. The parties agree to limit the number of depositions to 10 per side.

9. <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified. Plaintiff agrees to name her experts and provide the Expert Report(s) within sixty (60) days following the initial scheduling conference, and Defendant agrees to name its experts and provide the Expert Report(s) within sixty (60) days thereafter.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties do not believe that bifurcation of this matter is necessary.

12. <u>Proposed Date for the Pretrial Conference</u>: The Plaintiff believes that a pretrial conference should be scheduled at the initial scheduling conference. Defendant proposes that a pretrial date be established after resolution of all dispositive motions.

13. <u>Trial Date</u>: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

Respectfully submitted,

*/s/ Jimmy A. Bell (with permission)*
Jimmy A. Bell, Esq. (Bar No. MD 14639)
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
jimbellesq@aol.com
*Counsel for Plaintiff*

*/s/ William Mark Nebeker*
William Mark Nebeker
U.S. ATTORNEY'S OFFICE
555 4th Street, NW
Washington, DC 20530
(202) 514-7230
Fax: (202) 514-8780
Email: mark.nebeker@usdoj.gov
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LISA HAWTHORNE** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.:1:06-cv-00588-ESH |
| : | |
| **NORMAN MINETA** : | |
| : | |
| Defendant. : | |

### INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this _____ day of _____, 2006 hereby

ORDERED that discovery shall be completed by 180 days from the date of the initial scheduling conference in this matter, and it is further;

ORDERED that the parties shall exchange initial disclosures on or before the later of: 1) ten (10) days from resolution of any Alternative Dispute Resolution procedures that may be employed or 2) twenty (20) days from entry of this order, and it is further;

ORDERED that any dispositive motions shall be filed no later than 60 days after the close of discovery, any opposition thereto shall be filed no later than 45 days following the filing of the dispositive motion; and any reply shall be filed no later than 30 days following the filing of the opposition; and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), as modified. Plaintiff will name experts and provide their reports within 60 days of the initial scheduling order. The Defendant will name experts and provide their reports 60 days thereafter.

Date_____          _____
                                                                        United States District Judge